UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES D. ALLEN, III, LINDSEY BLISS,
MARK BILLETTE, ROBERT A.
ANDERSON, RUSSELL PUBLOW, II,

      Plaintiffs,

v.

HARDROCK HDD, INC., a Michigan
Corporation, and JEFFERY PATRICK,
Jointly and Severally,

      Defendants.
                                       /

Case No. 16-13869

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT PATRICK'S MOTION TO WITHDRAW ADMISSIONS [29], DISMISSING AS MOOT PLAINTIFFS' MOTION TO STRIKE REPLY [35], DENYING PLAINTIFFS' MOTION TO QUASH PATRICK'S SUBPOENA [36], DENYING PLAINTIFFS' MOTION TO STAY COMPLIANCE WITH PATRICK'S SUBPOENA [37], AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [22]**

Plaintiffs Allen, Bliss, Billette, Anderson, and Publow (collectively "Plaintiffs") filed this lawsuit, on October 31, 2016, for violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, and for breach of contract [1]. Defendants Hardrock HDD, Inc. ("Hardrock"), and Hardrock's owner Jeffery Patrick ("Patrick"), filed an answer on January 11, 2017 [7]. In the year that followed, communication between the parties deteriorated. On June 6, 2017, Plaintiffs attempted to serve on Patrick a comprehensive set of requests for admissions pursuant to Fed. R. Civ. P. 36. He never responded. Pursuant to Fed. R. Civ. P. 36(a)(3) and (b), a party's failure to respond deems the request conclusively admitted. Patrick claims in his affidavit dated January 9, 2018 [25], he never received the admission request, nor many other attempts Plaintiff made at communication. Currently

before the Court is Defendant Patrick's motion to withdraw the admissions pursuant to Fed. R. Civ. P. 36(b). The Court held a hearing on this matter on Wednesday, April 11, 2018. For the reasons stated below, Defendant Patrick's Motion to Withdraw Admissions [29] is GRANTED. Plaintiffs' Motion to Strike Defendant's Reply [35] is DISMISSED as moot. Plaintiffs' Motion for Summary Judgment [22] which relies in whole on Defendant's now withdrawn admissions is DENIED. Plaintiffs' motions to quash Patrick's subpoena [36] and to stay compliance with Patrick's subpoena [37] are also DENIED. The Court will GRANT Plaintiffs attorney fees for Patrick's failure to respond during discovery, however, as detailed below the Court needs more information in order to determine the appropriate amount.

I. **Background**

Defendant Hardrock is a directional drilling company that services construction projects. Defendant Patrick is Hardrock's owner. In August and September 2016, Hardrock was providing services to at least three projects, in Pontiac, Michigan, Livonia, Michigan, and Pinckney, Michigan. Each of the three projects were funded in part by federal funds and the general contractor on two of the projects was the company Rohl Networks, LP ("Rohl").

According to a lawsuit between Rohl and Hardrock, in May 2015, Rohl entered into a contract with the City of Livonia to perform work on the City's 2015 DWRF Phase 2 Water Main Replacement Project ("Livonia Project"). (Rohl Counterclaim Against Hardrock, Dkt. 29-5, at 3; PgID 199.) Rohl hired Defendant Hardrock as a subcontractor, but by August 2016, Hardrock was not adequately performing their work, requiring Rohl to take corrective action to get at least one of the projects back on schedule. By August 2016, Rohl claims

it was advancing funds for Hardrock payroll, paying outstanding balances owed to Hardrock suppliers, and hiring completion contractors to finish the work. (Rohl Counterclaim Against Hardrock, Dkt. 29-5, at 3-4; PgID 199-200.) Rohl officially terminated their subcontract with Hardrock on September 2, 2016.

At issue in this case is Hardrock's alleged non-payment of wages, to Plaintiffs, for work they performed during this exact problematic time period, from August 1, 2016 - September 8, 2016 ("Contested Period"). According to Plaintiffs, who performed work during the Contested Period on all three of the Hardrock projects, in Pontiac, Livonia, and Pinckney, Hardrock was required, by law and by contract, to pay each plaintiff $54.63 per hour for "operator" work performed, and $37.70 per hour for "labor" work performed. Plaintiffs currently claim Defendants failed to pay the following amounts in wages:

    a. Plaintiff Allen:          $9,772.54

    b. Plaintiff Bliss:           $7,518.71

    c. Plaintiff Anderson:     $5,931.29[1]

    d. Plaintiff Publow:       $5,815.57

    e. Plaintiff Billette:        $1,602.25

(Summary Judgment Time Sheets, Dkt. 32-2, at 2-35; PgID 253-86.)

However, these amounts do not reflect payroll advances Hardrock did pay to most of the Plaintiffs during the Contested Period. Hardrock made the following "payroll advance[s]" which are not accounted for in Plaintiff's claims.

---

[1]Plaintiff Anderson additionally claims $472 in economic losses as a result of the delay in payment. These include 10 % interest payments on $1,500 in loans, payday advance fees, and overdraft, bank return, and return check fees.

a. Plaintiff Allen received:   $500 on 8/23/2016

      Plaintiff Allen received:   $2,500 on 9/12/2016

   b. Plaintiff Bliss received:   $500 on 8/23/2016

   c. Plaintiff Anderson received:   $500 on 8/23/2016

   d. Plaintiff Publow received:   $500 on 8/23/2016

   e. Plaintiff Billette did not receive a payroll advance.

(Hardrock Payroll Advances, Dkt. 29-4, at 2-11; PgID 187-96.)

Also not accounted for in Plaintiff's claims are the Contested Period wages the Department of Labor ("DOL") already paid to Plaintiffs. These payments include:

   a. Plaintiff Allen received:   $4,599.50 on 2/17/2017

   b. Plaintiff Bliss received:   $3,642.25 on 2/17/2017

   c. Plaintiff Anderson received:   $3,083.64 on 2/17/2017

   d. Plaintiff Publow received:   $2,864.45 on 2/17/2017

   e. Plaintiff Billette did not receive any payment of wages from the DOL.

(U.S. Treasury Checks to Plaintiffs, Dkt. 29-3, at 2-7; PgID 179-184.)

On October, 31, 2016, Plaintiffs had only received the payroll advances, and not their wages for the Contested Period and so they filed suit against Hardrock and Patrick, in his individual capacity, alleging violations of the Fair Labor Standards Act ("FLSA"), and common law breach of contract. On January 11, 2017, Defendants filed their answer. The answer asserts that Rohl was Plaintiffs' employer not Hardrock, noted the payroll advances needed to be returned to Hardrock, and stated Plaintiffs would soon receive payment of the wages owed, from Rohl. These are the same payments the DOL facilitated and Plaintiffs received on February 17, 2017.

Judge Ludington, who originally had the case, set a scheduling order requiring the parties exchange their initial disclosures by February 13, 2017. (Dkt. 11, at 1; PgID 35.) Plaintiffs assert they timely submitted their Initial Disclosures but that Defendants missed this first deadline in its entirety. However four days later the case was reassigned to this Court on February 17, 2017 and subsequently the initial scheduling order and deadlines before Judge Ludington were terminated. On April 24, 2017, this Court held a scheduling conference and issued a new scheduling order (Dkt. 13) which included:

| | |
|---|---|
| Witness Lists Filed by: | July 5, 2017 |
| Discovery Cutoff: | September 5, 2017 |
| Dispositive Motions Filed By: | October 10, 2017 |

(Court's Scheduling Order, Dkt. 13, at 1; PgID 44.)

Four days later, on April 28, 2017, Defendant Hardrock filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan (Case No. 17-46425). Silverman & Morris, the law firm that had answered the complaint on behalf of Defendants, represented Hardrock as debtor in possession in its chapter 11 case. One requirement of the Bankruptcy Code is that the counsel for the debtor in possession be "disinterested." Thus, Silverman & Morris withdrew as attorney for Defendant Patrick in all matters.

On May 3, 2017, Hardrock filed a notice of Automatic Stay based on its Chapter 11 filing (Dkt. 14), and Silverman & Morris filed a motion to withdraw as attorney for Defendant Patrick (Dkt. 15). On May 30, 2017 this Court held a hearing regarding the two motions. On June 1, 2017, the Court closed the case as to Defendant Hardrock, due to bankruptcy, noting that either party may file a motion to reopen upon completion of the Bankruptcy.

(Dkt. 19.) The Court also filed an order granting Silverman & Morris's motion to withdraw as Attorney for Defendant Patrick and giving Patrick 30 days to secure counsel or advise the Court that he would be representing himself. Patrick did neither.

Simultaneous with these changes, Patrick failed to respond to Plaintiffs' April interrogatories and requests to produce, which were due by May 17, 2017. After his attorney withdrew Patrick had no more contact with the Court or with Plaintiffs regarding the case. He did not respond to their June 6, 2017 request for admissions and follow up interrogatory. He did not attend the June 9, 2017 deposition that Plaintiff originally scheduled and later cancelled. Patrick did not file the witness list by July 5, 2017 as required in the Court's Scheduling Order. Patrick did not participate in or conduct any discovery of his own prior to the September 5, 2017 discovery closing date. (Scheduling Order, Dkt. 13, at 1.) Patrick did not respond to Plaintiffs' request for concurrence with their motion for Summary Judgment. Plaintiffs filed their motion for summary judgment on October 9, 2017, which Defendant failed to respond to.[2] Plaintiffs' motion for summary judgment relies entirely on the unobjected to admissions for its legal basis.

The Court set a hearing on Plaintiff's Summary Judgment Motion for December 20, 2017. However on December 4, 2017, still not having heard from Patrick, the Court re-noticed the hearing to January 31, 2018 and gave Patrick an extension to file his response by January 2, 2018. The Court still had not heard from Patrick by the January 2, 2018

---

[2] Plaintiffs served process in all these instances to the Hardrock company address located at E. South Street in Jackson. Silverman & Morris provided this address to Plaintiffs on June 1, 2017 as the proper place to contact Patrick. (Dkt. 32-6, at 2; PgID 342.) Plaintiffs also sent a copy of their correspondence to an email address Patrick used in 2016, prior to the complaint. (Dkt. 32-9, at 2; PgID 362.)

date. On January 9, 2018, Patrick filed an affidavit with the Court, dated December 29, 2017, stating an attorney, representing Hardrock in the County of Wayne case between Hardrock and Rohl, had only days earlier made him aware of the status of this case. Patrick further stated he had not received service of the Motion for Summary Judgment or Plaintiffs' other requests, he explained Hardrock's bankruptcy, his loss of his attorney, and the DOL payments to Plaintiffs, as explanation. Patrick also filed a motion for extension of time to file response to the Motion for Summary Judgment, which this Court granted.

By the end of February 2018, Hardrock obtained confirmation of its plan of reorganization and no longer serves as debtor in possession. As a result, Silverman & Morris once again began representing Patrick on February 28, 2018. On March 1, 2018, Patrick filed this Motion to Withdraw Admissions. (Dkt. 29.) Plaintiffs filed their Response to the Motion to Withdraw Admission (Dkt. 32) and Patrick filed his reply (Dkt. 34). Plaintiffs then filed a Motion to Strike Patrick's reply (Dkt. 35), claiming the reply brief improperly raises new legal defense, arguments, and new evidence to support that defense. Plaintiffs then filed a motion to quash Patrick's Subpoena to the DOL (Dkt. 36) and an Emergency Motion to Stay and Enjoin Compliance with Patrick's Subpoena, since the subpoena seeks discovery after the scheduled close of discovery.

## II.  Withdrawal of Admissions

Patrick did not respond to Plaintiffs' June 6, 2017 request for admissions and thus all were admitted without objection. According to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Patrick now moves to withdraw these admissions.

7

A.   Legal Analysis

A "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 157 (6th Cir. 1997)( quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).  The court's discretion must be exercised in light of Fed. R. Civ. P. Rule 36(b) which states a two prong test.  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Fed.R.Civ.P. 36(b).

"The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.' " *Riley v. Kurtz*, 194 F.3d 1313 (6th Cir. 1999) (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).  The requesting party is prejudiced under the second prong of the 36(b) test if the party would have " 'special difficulties' " in obtaining necessary evidence after the admission was withdrawn or amended.  *Riley*, 194 F.3d at 1313 (quoting *Kerry*, 106 F.3d at 154).  Prejudice is not established simply if the party will be required to convince the fact finder of an additional fact.

Patrick's procedural admissions concern factual disputes at the heart of his answer to Plaintiffs' claim. Plaintiffs argue their summary judgment based exclusively on the admissions, which contradict Patrick's position in almost all respects.  In answer to Plaintiffs' FLSA complaint, Patrick's January 2017 Answer (Dkt. 7) references the payroll

advances and the DOL payments as reasons Plaintiffs' claims are incorrect. Similarly, Patrick has consistently claimed that Rohl, not Hardrock, employed Plaintiffs. These arguments are flatly contradicted in the admissions. If the admissions are not withdrawn, and Patrick is bound by them, Patrick's arguments cannot be heard on the merits. (Admissions, Dkt. 22-6, at 2 and 6 ; PgID 142 and 144.) In sum, if Patrick is not permitted to withdraw his admissions, this case may be resolved almost entirely on the basis of a discovery deadline, rather than on the merits. The Sixth Circuit states in *Clark v. Johnston*, the "federal courts have a strong preference for trials on the merits." 413 Fed. Appx. 804, 819 (6th Cir. 2011). See also *Riley v. Kurtz*, 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. 1999) (deeming matters admitted instead of allowing withdrawal is disfavored when the admissions "would practically eliminate any presentation on the merits of the case."). Permitting Patrick to withdraw the admissions, satisfies the first prong of Rule 36(b) and would facilitate the presentation of the merits of the case.

The second part of Rule 36(b) test asks if Plaintiffs will be unduly burdened with special difficulties if the Court allows Patrick to withdraw the admissions. Plaintiffs cite many non-binding cases, claiming the discovery delay type difficulties. Plaintiffs assert they did not pursue deposing individuals, they would have otherwise deposed prior to the close of discovery, relying on the admissions. Further that the long delay in Patrick seeking to withdraw his admissions, including waiting until after the close of discovery, is itself prejudice. However, here, if Patrick is to be believed, it is not that he waited until the close of discovery to seek withdraw of his admissions, but that he was unaware of the admissions and the discovery deadline.

Prejudice is not established under Rule 36(b) simply because "the party who initially obtained the admission will now have to convince the fact-finder of its truth." *Clark*, 413 Fed. Appx. at 818 (quoting *Kerry Steel, Inc.*, 106 F.3d at 154). Rather, prejudice "relates to special difficulties a party may face caused by a sudden need to obtain evidence." *Id*. Delay and aggravation alone does not rise to the Sixth Circuit's standard of "special difficulties" particularly when the change occurs before trial and the withdrawal of admissions is completely in line with every communication Patrick made from the start of the proceedings. The Court will further address Plaintiffs' potential prejudice by reopening discovery and establishing a new dispositive motion schedule.

The Court's withdrawal of admissions is further supported by the fact that Patrick found himself *pro se* due to outside circumstances, at the exact moment the admissions were sent to him. While these circumstances are not definitive, they do explain at least in part, Patrick's failure to respond to the admissions, and his late request to withdraw them. *See Stewart v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 5734859, at *2 (E.D. Mich. Sept. 30, 2015)(J. Tarnow) (citing cases where a factor in decision to withdraw admissions was that the moving party was *pro se* or that the attorney withdrew from the case.) The second Rule 36(b) factor, whether a withdrawal will prejudice Plaintiffs in maintaining their action on the merits, also favors withdrawal of Patrick's admissions. Because withdrawal of the admissions will serve the presentation of the merits and Plaintiffs will not suffer prejudice as contemplated by Rule 36(b), the Court GRANTS Patrick's Motion to Withdraw Admissions.

B.   Effect on Summary Judgment

Plaintiffs rely on the now withdrawn procedural admissions as the basis for their summary judgment motion. (Dkt. 22.) In light of the Court's decision to allow withdrawal of the admissions, it is clear Plaintiffs' summary judgment is now unsupported. Consequently, Plaintiffs' motion for summary judgment is DENIED without prejudice to renewal.

C.   Award of Attorney Fees

The Court intends to award Plaintiffs the reasonable expenses, including attorney's fees, caused by Patrick's failure to answer the interrogatories or to respond to Plaintiffs' request for admissions. This includes those costs associated with Plaintiffs' motion for summary judgment which so heavily relied on Patrick's admissions. *See Dynasty Apparel Indus. v. Rentz*, 206 F.R.D. 596, 602 (S.D. Ohio 2001) ("[a]lthough the Court cannot eliminate the futility of having filed that [summary judgment] motion, it can lessen the cost by requiring that [defendant] compensate it for the expenses it incurred to file that motion, including reasonable attorney's fees."). The Court will award attorney fees to Plaintiffs, only for those damages resulting from Patrick's failure to respond to the discovery request, not for the entirety of the discovery period. Much of Attorney Niskar's discovery work remains useful and much of his work is unrelated to Patrick's failure to respond and therefore will not be reimbursed.

As requested by this Court at the April 11, 2018 hearing, Plaintiffs submitted a supplement brief setting forth the hours, rate, and costs for discovery attorney fees. (Dkt. 42.) Patrick then filed his response. (Dkt. 43.) Plaintiffs' brief however, does not identify how Plaintiffs paid or will pay their counsel for his work on this case. (Dkt. 42, at 3; PgID 547.); *See Venegas v. Mitchell*, 495 U.S. 82 (1990). Instead, the document relies

exclusively on the "Lodestar" method. The burden of proving the reasonableness of the amount awarded rests with Plaintiffs. A primary concern is that attorney's fees be reasonable, and not result in a windfall. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616-19 (6th Cir. 2007). Commonly, a court determines a reasonable hourly rate customarily charged in the locality for similar services and multiplies that by the reasonable number of hours expended on the matter at issue. This is known as the "Lodestar" method. *Hensley v. Eckerhart*, 431 U.S. 424, 433 (1983); *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). Attorney Niskar claims he should be awarded attorney fees based upon the local market rate. Relying on the 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report prepared by the State Bar of Michigan, Attorney Niskar states his local market rate should be calculated at $350 per hour. Attorney Niskar relies on his almost 22 year practice record, specializing in employment litigation, predominantly on behalf of plaintiff-employees, and his office location in Oakland County. A $350/hour rate is the fee for an attorney in the 75th percentile with Attorney Niskar's level of expertise, practice within his specialty, and within his locality. Attorney Niskar documents 87.2 hours worked since the start of discovery, as well as out-of-pocket costs totaling $212.05. In total Attorney Niskar seeks $30,732.05 in attorney fees and costs from the start of discovery. (Dkt. 42, at 5; PgID 549.)

In Patrick's response, Patrick explains that Attorney Niskar has litigated the matter so vigorously that the fees he seeks exceed the amount at stake in the whole case. The original claim against Defendant Patrick seeks maximum damages totaling $30,640.36.[3]

---

[3]The $30,640.36 is an amount Patrick has consistently disputed.

Attorney Niskar now claims attorney fees totaling $30,732.05. Attorney Niskar claims fees that exceed the entire value of the case and if awarded would be a windfall for Plaintiffs and/or their attorney.

The actual billing arrangement is a significant, though not necessarily controlling factor in determining what fee is reasonable and to prevent the Court from providing a windfall. *Scales v. J.C. Bradford & Co.*, 925 F.3d 901, 909-10 (6th Cir. 1991) (district court did not abuse its discretion in relying upon attorney's hourly rates rather than market rates in the community.) *See also* Crescent *Publ'g Grp., Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, 151 (2d Cir. 2001). Here, without knowing the Plaintiffs' actual billing arrangement with its counsel, the Court is at risk of providing an economic windfall and not simply reimbursing Plaintiffs' and their counsel for actual damages.

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). "It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement." *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 558 (2010). The Court orders Plaintiffs to file a supplemental affidavit detailing the fee arrangement between Plaintiffs and Attorney Niskar. The Court will then determine how best to reimburse Plaintiffs and their counsel for Patrick's failure to timely respond to the discovery request without awarding a windfall.

**III.   Motion to Strike Patrick's Reply to Plaintiffs' Response to Patrick's Motion to Withdraw Admissions**

Plaintiffs' filed a Motion to Strike Patrick's Reply to his withdrawal of admissions motion. (Dkt. 35.) In their motion to strike, Plaintiff asserts Patrick raised for the first time

13

in his reply a "new defense and legal argument, new factual claims, and new evidence to support his newly-raised defense and argument." (Pl. Mot. to Strike, Dkt. 35, at 5; PgID 471.) Specifically, Plaintiffs assert the affirmative-defense and argument that Plaintiffs (other than Mr. Billette) waived and released their right to pursue damages pursuant to 29 U.S.C. §216(c) when they accepted payments from the DOL is new.

It is well established that a reply brief is not the proper place to raise new arguments or facts. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) ("[T]he appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief."). A reply brief is a response to arguments made in the response brief, it does not provide the moving party with a new opportunity to present yet another issue for the court's consideration. *Scottsdale*, 513 F.3d at 553. A non-moving party ordinarily has no right to respond to the reply brief and so as a matter of litigation fairness and procedure, such issues are considered waived. *Id.*

The Court does not reach the issue of whether Patrick's reply raises a new issue. The Court dismisses as moot, Plaintiff's motion to strike Patrick's reply. (Dkt. 35) The Court need not consider the reply in determining to grant Patrick's withdrawal of admissions. The Court can and does limits its Withdrawal of Admissions decision to Patrick's motion and Plaintiffs' response.

## IV. Conclusion

For the reasons thus stated,

the Court GRANTS Patrick's Motion to Withdraw Admissions [32],

the Court DISMISSES Plaintiffs Motion to Strike Reply to Response to Motion to Withdraw Admissions [35] as moot, and

the Court DENIES Plaintiffs' Motion for Summary Judgment [22] without prejudice to renewal.

the Court DENIES both the Motion to Quash Defendant's Subpoenas to the United States Department of Labor [36] and the Emergency Motion to Stay and Enjoin Compliance with Defendant's Subpoena to the United States Department of Labor [37].

the Court ORDERS Plaintiffs and/or Attorney Niskar to file a supplemental affidavit detailing the fee arrangement between Plaintiffs and Attorney Niskar.

Finally the Court (i) reopens discovery for a period of seventy-five days, and (ii) establishes a new dispositive motion briefing schedule, extended for thirty days past the end of discovery, to accommodate any such motions the parties may wish to make.

IT IS SO ORDERED.

                                s/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: May 24, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2018, by electronic and/or ordinary mail.

                                s/Lisa Bartlett
                                Case Manager