UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES D. ALLEN, III, LINDSEY BLISS,
MARK BILLETTE, ROBERT A.
ANDERSON, RUSSELL PUBLOW, II,

   Plaintiffs,

v.

HARDROCK HDD, INC., a Michigan
Corporation, and JEFFERY PATRICK,
Jointly and Severally,

   Defendants.
                /

Case No. 16-13869

Honorable Nancy G. Edmunds

**OPINION AND ORDER AWARDING ATTORNEY FEES**

This matter is before the Court on Defendant Patrick's ("Patrick") March 1, 2018 motion to withdraw procedural admissions pursuant to Fed. R. Civ. P. 36(b). (Dkt. 29.) On May 24, 2018, the Court entered its Opinion and Order granting Patrick's motion to withdraw the admissions. The Court determined this despite Patrick's failure to respond during discovery to Plaintiffs Allen, Bliss, Billette, Anderson, and Publow's (collectively "Plaintiffs") properly served discovery requests. (Dkt. 44.) Also in the May 24, 2018 Opinion and Order, the Court explained it would order Patrick to pay "reasonable expenses, including attorney's fees, caused by Patrick's failure to answer the interrogatories or to respond to Plaintiffs' request for admissions. This includes those costs associated with Plaintiffs' motion for summary judgment which so heavily relied on Patrick's admissions." (Dkt. 44 at 11; PgID 604.) The facts of this case have been set forth in detail in the Court's

May 24, 2018 Opinion and Order, and those facts and accompanying conclusions are now incorporated herein by reference. (Dkt. 44.)

I.  Legal Standard

The Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) states "the inherent power of the district court can be invoked even if procedural rules exist which sanction the same conduct." The Sixth Circuit has held that the law "does not explicitly require in every instance that a district court first determine whether the conduct could be sanctioned under the rules or relevant statutes before considering sanctions under its inherent authority." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). An exercise by the Court of its inherent authority to impose sanctions is proper where "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (internal quotation marks and citations omitted).

Here Defendant Patrick failed to respond to properly served discovery requests. The Court need not and does not determine whether Patrick's failure was intentional. The Court possesses the inherent power to impose sanctions against parties who respond either belatedly, or in bad faith to legitimate discovery requests. Thus, as a result of Patrick's failure to timely respond to properly served discovery requests and motions, Plaintiffs and their counsel, expended time, money, and energy which warrants reimbursement. The Court finds that an exercise of its inherent authority is the most appropriate vehicle for addressing Plaintiffs' incurred expenses.

II.  Attorney Fees and Costs

Plaintiffs' supplemental brief sets forward fees and costs for reimbursement as a result of Patrick's failures to respond. (Dkt 42.) The Court observes Plaintiffs are asking

for fees which exceed the value of the case and far exceed what is reasonable to reimburse[1]. Attorney Niskar's affidavit states "the fee arrangement between the undersigned counsel (and his firm) and each plaintiff is a separate written contingent fee agreement under which counsel is to be paid a contingent fee of one-third of any settlement or judgment amount recovered, after reimbursement for costs." (Dkt. 45, at 2; PgID 610.) The underlying case also falls under the Fair Labor Standards Act ("FLSA") . Section 216(b) of the FLSA provides that "the court. . . .shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). Given the various options for payment, upon taking the case, Attorney Niskar understood his work may result in a significant range of reimbursement largely determined by the underlying merits of the matter, which have yet to be litigated.

A primary concern of this Court is that the award of attorney's fees be reasonable, and not result in a windfall. *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616-19 (6th Cir. 2007). The actual billing arrangement is a significant, though not necessarily controlling factor in determining what fee is reasonable and to prevent the Court from providing such a windfall. *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 909-10 (6th Cir. 1991) (district court did not abuse its discretion in relying upon attorney's hourly rates rather than market rates in the community because a reasonable attorney's fee is one that is adequate to attract competent counsel.) *See also Crescent Publ'g Grp., Inc. v. Playboy Enterprises,*

---

[1] As explained in the Court's May 24, 2018 Opinion and Order (Dkt. 44, at 12-13; PgID 605-06) the claimed attorney fees, totaling $30,732.05 exceed the maximum damages in the matter which total $30,640.36.

*Inc.*, 246 F.3d 142, 151 (2d Cir. 2001). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). The Court finds Plaintiffs' requested sanction amount for reimbursement vastly too high, given the existing billing arrangements. Additionally, the Court specifically notes some of Attorney Niskar's discovery work remains useful for Plaintiffs and some was not the result of Patrick's failure to respond at all. The Court is uninterested in further pleadings on this issue, which would transform this reimbursement of attorneys fees into its own litigation. Courts have found varying monetary amounts reasonable for similar discovery violations. *See Gamby v. Equifax Info. Servs., LLC*, 06-11020, 2010 WL 1609245, at *1-2 (E.D. Mich. Apr. 20, 2010) (Battani, J.) (imposing a $10,000 fine for repeated discovery violations that frustrated the plaintiff's right to discovery.); *Brooks v. Transcontinental Sys., Inc.*, 09-11787, 2010 WL 5067489, at *1-2 (E.D. Mich. Dec. 7, 2010) (Cox, J.) (imposing a $5,000 fine for failure to cooperate in discovery.); *Watts v. Fed. Exp. Corp.*, 2001 WL 1661474, at *7 (W.D. Mich. Apr. 11, 2001) (Scoville, Mag. J.) (imposing a $700 fine for the defendant's failure to comply with a discovery order to produce documents, belligerent attitude, and being late to a deposition); *Helmi v. Solvay Pharm., Inc.*, 2006 WL 3344651, at *1 (W.D. Mich. Nov. 17, 2006) (Quist, J.) (imposing a $1,000 attorneys' fees fine for a failure to supplement discovery.); *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 10-11735, 2011 WL 13217837, at *3-4 (E.D. Mich. Oct. 13, 2011) (Majzoub, Mag. J.) (imposing $5,000 fine for discovery violation). The Court finds Patrick's failures warrant a sanction in the middle range of these similar violations.

Accordingly, for those damages resulting from Patrick's failure to respond to the discovery request, the Court imposes, under its inherent power to sanction, a monetary fine

of $4,000 against Patrick, in reimbursable attorney fees. In addition, the Court attributes $143.97 of the total $212.05 expenses Plaintiffs' list, to Patrick's failure to respond to the admissions. (Pl. Case Expense Log, Dkt. 42-4 at 9-10; PgID 584-85.)

III. Conclusion

For the reasons thus stated and under its inherent authority to sanction, the Court GRANTS Plaintiffs' $4,000 in reimbursable attorney fees, and further GRANTS Plaintiffs' $143.97 in reimbursable expenses.

IT IS SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 18, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 18, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

5